CHRISTINE J. BOPP, as Administratrix of the Estate of JOSEPH P. TAGLIARINI, Deceased, Respondent, v. MOISES BELL et al., Defendants, and DANA TRUCKING CO., INC., et al., Appellants.— Order affirmed. (See *Kilberg* v. *Northeast Airlines*, 9 N Y 2d 34.) Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.

## (February 11, 1963)

PASQUALE ATTANASIO et al., Respondents, v. HERTZ CORPORATION et al., Appellants.— In a negligence action to recover damages for injury to person and property arising out of a collision between the female plaintiff's automobile, operated by the male plaintiff, and the defendant Hertz Corporation's truck operated by defendant Bellezza, the defendants appeal from a judgment of the Supreme Court, Kings County, entered on June 21, 1962 after trial, upon a jury's verdict, in favor of plaintiff Pasquale Attanasio for $32,850 and in favor of plaintiff Angelina Attanasio for $210. As to the plaintiff Angelina Attanasio, the judgment is affirmed, without costs. As to the plaintiff Pasquale Attanasio, the judgment is reversed on the law and on the facts, the action is severed and a new trial ordered, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff Pasquale Attanasio shall serve and file a written stipulation consenting to reduce to $20,000 the amount of the verdict in his favor, in which event the judgment, as so reduced, is affirmed, without costs. In our opinion, upon this record, the jury's verdict for the male plaintiff was excessive. We have considered the other points urged and find them without merit. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

BOARD OF TRADE OF THE WHOLESALE SEAFOOD MERCHANTS, INC., Respondent, v. MICHAEL CASTAGNOLA et al., Appellants.— Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs. Findings of fact which may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the proof established that the conveyance in question was made for a fair consideration and without any fraudulent intent. Hence, defendants were entitled to a dismissal of the complaint. Kleinfeld, Brennan and Hill, JJ., concur; Ughetta, Acting P. J., and Christ, J., dissent and vote to affirm the judgment.